## Morgan v. Staton, et al.

(Decided March 15, 1918.)

Appeal from Cumberland Circuit Court.

1. Wills—Construction—Estate Devised.—By the fourth clause of
the testator's will, he made the following devise: "I give to my
son, J. D. Staton, the Sixty acres above mentioned on the lower
end for and during the term of his natural life Should he die
before his son H. A. Staton becomes Twenty-One, I desire that
his son shall have the rents and profits until he is Twenty-One,
should he die before that time I want the land to go back to
my estate and be equally divided among my legal heirs." Held,
that the grandson took only the rents and profits until he became
21 or died before that time, and that thereupon his estate ter-
minated and the land passed to the testator's heirs.

2. Wills—Construction—Estate Devised.—By the seventh clause of
the testator's will, he made the following devise: "I give to my
Daughter, Dora Ann Christine Staton, the land North of the Mili-
tary between said line and the line & dividing Wm. A. Griders
land and it to have and enjoy it during the time of her natural
life, provided she leaves no heirs, in the event she leaves heirs
then them to receive the profits until they reach their majority,
should they die before they are 21 years old, the property to be
equally divided among my other children, I also give her ($1000.00)
to be paid to her out of other assets that I have." Held, that the
only son of the testator's daughter took only the profits until he
reached his majority or died before that time, and that thereupon
his estate terminated and the land passed to the testator's heirs.

C. R. HICKS and E. BERTRAM for appellant.

PRESCOTT SANDIDGE and MONTGOMERY & MONTGOMERY
for appellees.

·OPINION OF THE COURT BY WILLIAM ROGERS CLAY COM-
MISSIONER—Affirming.

H. A. Staton, Sr., a resident of Cumberland county,
died in the year 1887, leaving the following will:

"I, Hiram A. Staton, of Cumberland county, Ken-
tucky, do hereby make my last will and testament, in the
manner and form following, that is to say, 1st that all my
just debts shall be paid and funeral expenses, 2nd I give
to my wife Nancy W. Staton all the land that I now live
upon below the old Military line, which runs through my
land from or near a large hickory, on the bank of the
river, running (N 70 E) except or leaving off sixty acres
on the lower end, and if a straight line from the river east

to the road, and paralel with the Military line will go north of a spring that my son J. D. Staton, now gets water from, that is where I want it, if however a straight line would not leave the spring on the sixty acres then commence far enough down the river and run the line straight so as to make a corner north of said spring, thence eastward to the road so as the sixty acres is of equal worth on the east and the west side, for and during the term of her natural life and after her decease I give the same with other property to my children hereinafter mentioned, equally to be divided among them and be enjoyed by them forever. 3rd, I give to son William A. Staton, $1,000.00, one thousand dollars, out of note that I now have so soon as collected. 4th, I give to my son J. D. Staton, the sixty acres above mentioned on the lower end for and during the term of his natural life should he die before his son H. A. Staton becomes twenty-one, I desire that his son shall have the rents and profits until he is twenty-one, should he die before that time I want the land to go back to my estate and be equally divided among my legal heirs. 5th, my son Joseph R. Staton, and James C. Staton, I have given one thousand dollars ($1,000.00) each which is about an equal with the rest of my boys. 6th, I give to my son Hiram A. Staton, the money that I now have in the bank of Columbia, Ky., which makes him equal. 7th, I give to my daughter, Dora Ann Christine Staton, the land north of the Military between said line and the line and dividing Wm. A. Grider's land and it to have and enjoy it during the time of her natural life, provided she leaves no heirs, in the event she leaves heirs then them to receive the profits until they reach their majority, should they die before they are 21 years old, the property to be equally divided among my other children, I also give her ($1,-000.00) to be paid to her out of other assets that I have. 8th, all the rest of my estate both real and personal of whatever nature or kind it it may be not hereinbefore particularly disposed of, I give to my wife Nancy W. Staton, for and during her natural life, and after her decease I give the same to my children, and lastly I do hereby constitute and appoint my son J. D. Staton and H. A. Staton executors of this my last will and testament and do not require of them to give security as executors in witness whereof I have hereto set my hand and affixed my sea this the 14th day of December 1886."

The testator was survived by his widow, Nancy W. Staton, one daughter, Dora Anne Christine Staton, and five sons, J. D. Staton, J. R. Staton, J. C. Staton, William A. Staton, and Hiram A. Staton. The testator's widow, Nancy W. Staton, died many years ago. His son J. D. Staton disappeared from his home over nineteen years ago and has never been heard of since that time, and is presumed to be dead. He left as his only child and heir at law, Hiram A. Staton, who is now over 21 years of age. The testator's son, William A. Staton, died intestate leaving his two sons, Hiram W. Staton and Luther Staton, as his only heirs at law. Dora Ann Christine Staton married E. Morgan, and then died leaving one son, J. H. Morgan, who is over 21 years of age. Hiram A. Staton died in the year 1915, and J. H. Morgan qualified as his administrator.

Plaintiffs, J. C. Staton and J. R. Staton, sons of the testator, H. A. Staton, Sr., brought this suit against Hiram W. Staton, Luther Staton, Hiram A. Staton and J. H. Morgan, in his own right and as administrator of the estate of Hiram A. Staton, deceased, for a construction of the will of Hiram A. Staton, Sr., and for a sale of the real estate devised by the fourth and seventh clauses of his will. The chancellor adjudged that by the fourth clause of the will in question, the testator devised to H. A. Staton, son of J. D. Staton, only the rents and profits from the sixty acres of land until H. A. Staton became 21 years of age, and that thereupon his estate terminated and the fee passed to the testator's heirs. He further held that under the seventh clause of the will, J. H. Morgan, son of Dora Ann Christine Staton, was devised only the rents and profits from the land therein mentioned until he became 21 years of age, whereupon his estate terminated, and the fee passed to the heirs of the testator. From that judgmnt this appeal is prosecuted.

It is insisted that as J. D. Staton, the life tenant under clause four, died before his son H. A. Staton became 21 years of age, the latter's interest in the land devised by clause four did not terminate when he arrived at age, but he thereupon took the entire fee. The same contention is made with respect to J. H. Morgan under clause seven. In this connection, some stress is placed on the fact that the only condition on which the property mentioned in clause four should go back to the testator's estate was that H. A. Staton should die before he reached

the age of 21, and that the only condition on which the property mentioned in clause seven should go back to the testator's estate was that the life tenant's children should die before they reached their majority; hence it is argued that by prescribing the only condition under which a reverter should take place, the testator plainly intended that H. A. Staton, the son of J. D. Staton, should have the property devised to him, and the heirs of Dora Ann Christine Staton should have the property devised to them, unless those conditions happened. It is further argued that the will considered as a whole shows that the testator gave to certain of his sons a thousand dollars each in order to make them equal with the other devisees. As to these sums the will contained no provision for a reverter, and it is unreasonable to conclude that the testator intended that the land devised by the fourth and seventh clauses of his will, should revert to his estate after his grandchildren reached their majority, because this would destroy the equality which the testator had in mind. The difficulty with the argument based on equality is that we have no means of knowing the value of the lands devised by the clauses in question, or the valuation placed thereon by the testator himself. For aught that appears in the record, the testator may have regarded the fee in each tract as being worth much more than $1,000.00, and may therefore have devised a less estate in order to make the devisees equal with his other children. Under these circumstances the other provisions of the will, though manifesting the testator's purpose to make his children equal in the distribution of his estate, throw no light upon the construction of the clauses in question. Nor can we see that the provision for a reverter in each of those clauses is sufficient to justify the conclusion that the testator intended to devise a greater estate than that created in the language actually employed. It is clear from clause four, that the testator never intended H. A. Staton, his grandson, to have any interest in the land therein mentioned, unless, J. D. Staton died before H. A. Staton became 21, and even in that event he did not devise the land itself to H. A. Staton, but only the rents and profits until he became 21. If, however, he died before that time, his interest was to cease and the land was to go back to the testator's estate. Under these circumstances the only effect of the latter provision was to limit the estate of H. A. Staton, and not to convert

into a fee the mere right to enjoy the rents and profits for a specified period of time. Though the language employed in clause seven is somewhat different, it is clear that the testator intended to devise to the children of his daughter Dora the same character of estate devised to his grandson, H. A. Staton. We therefore conclude that when H. A. Staton and J. H. Morgan, the only son of Dora Staton, reached their majority, their respective estates terminated and the lands devised by clauses four and seven then passed to the testator's heirs.

Judgment affirmed.